IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ALVIN ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>BATTEY HOTEL MANAGEMENT GROUP, INC.<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Alvin Allen ("Plaintiff" or "Mr. Allen"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Battey Hotel Management Group, Inc. d/b/a Hawthorne Suites by Wyndham Rome ("Defendant") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 11, 2022; the EEOC issued its Notice of Right to Sue on October 28, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, John S. Husser, Esq. located at 401 Broad Street, Suite 300, Rome, GA, 30161, USA.

## **FACTUAL ALLEGATIONS**

10.

On or about September 9, 2019, Mr. Allen began working for Defendant as a Chef.

11.

From 2019 through 2021, Mr. Allen suffered from different medical conditions that resulted in his absence.

12.

Mr. Allen provided doctor's notes to Defendant to excuse his absences.

13.

On or around October 23, 2021, Mr. Allen informed Defendant that he was at the doctor due to pain in his leg and that he would be out of work.

14.

Mr. Allen also informed Defendant that the doctor was checking for blood clots.

15.

On or around October 24, Mr. Allen ask Defendant's CEO, Ira Levy, if he was available to talk on October 25.

16.

On or around October 25, 2021, Mr. Levy terminated Mr. Allen during their phone call.

17.

Mr. Levy then instructed supervisor Gay Knickles to complete a separation notice indicating that Mr. Allen quit.

18.

Ms. Knickles completed the separation notice indicating that Mr. Allen quit.

19.

When Mr. Allen returned to the hotel to pick up his separation notice, he informed Ms. Knickles that Mr. Levy had terminated him.

20.

Mr. Levy stated that the reason he terminated Mr. Allen was based on his job performance.

21.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. With regard to Mr. Allen's disability, Defendant relied on Mr. Allen's actual impairment, as well as his record of impairment and perception that he was impaired.

22.

Defendant terminated Mr. Allen because he had a record of a disability and/or because it regarded him as disabled.

23.

But for Mr. Allen's disability status he would not have been terminated.

24.

Mr. Allen was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e. non-disabled employees.

## CLAIM FOR RELIEF

## DISABILITY DISCRIMINATION IN VIOLATION OF ADA

25.

Plaintiff re-alleges paragraphs 10 through 24 as if set forth fully herein.

26.

Plaintiff has one or more physical impairments which substantially limit one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

27.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

28.

Defendant was aware of Plaintiff's disability.

29.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

30.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

31.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

32.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

33.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

34.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

35.

Defendant treated other employees outside Plaintiff's protected class more favorably, in that they were not terminated because of a disability.

36.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

39.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff

has been made the victim of acts that have adversely affected his psychological and physical well-being.

40.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

41.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

42.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

43.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 29th day of December 2022.

**BARRETT & FARAHANY**

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153
*Counsel for Plaintiff Allen Alvin*